STATE of Missouri ex rel. O. J. GIBSON, Jr., and Cape Girardeau Bar Association, Relators,

v.

The Honorable Stanley A. GRIMM, Judge, Circuit Court of Cape Girardeau County, Missouri, Respondent.

STATE of Missouri, Appellant,

v.

Michael Wayne PROBST, Respondent.

No. 59387.

Supreme Court of Missouri, En Banc.

July 12, 1976.

Rehearing Denied Sept. 13, 1976.

Jack L. Oliver, Cape Girardeau, for relators.

John C. Danforth, Atty. Gen. by Daniel P. Card and Robert Sommers, Asst. Attys. Gen., for appellants.

DONNELLY, Justice.

These cases involve the question whether counsel appointed to represent indigents in misdemeanor cases shall be required to serve without compensation.

In State ex rel. *O. J. Gibson v. Grimm,* Relators seek to prohibit Respondent from holding Gibson in contempt of court. In *State v. Probst,* the State appeals from an order taxing the costs in a misdemeanor case against the State.

On April 10, 1975, O. J. Gibson, Jr. was appointed to represent Michael Wayne Probst, an indigent, in a misdemeanor case before the Magistrate Court of Cape Girardeau County. Probst was found guilty after trial before the Magistrate Court and Gibson prosecuted an appeal to the Circuit Court. A jury found Probst guilty and a motion for new trial was overruled. Probst then informed the Circuit Court that he desired to appeal. The Court informed Gibson on December 3, 1975, of its intention to reappoint him to the case, whereupon Gibson declined further service without compensation. On December 15, 1975, Respondent made known his intention to hold Gibson in contempt, and on December 30, 1975, a preliminary rule in prohibition was issued by the St. Louis District of the Court of Appeals.

On December 2, 1975, O. J. Gibson, Jr. filed a motion in *State v. Probst* for allowance of attorney's fees and expenses. This motion was granted December 3, 1975, taxing costs against the State of Missouri and Cape Girardeau County. On December 4,

1975, the prosecuting attorney of Cape Girardeau County filed a motion to retax costs alleging a lack of statutory authority for reimbursement of attorneys appointed in misdemeanor cases. This motion was sustained as to Cape Girardeau County and overruled as to the State. On December 23, 1975, the State filed a notice of appeal to the St. Louis District of the Court of Appeals.

By order of January 15, 1976, this Court, on its own motion, transferred both causes to this Court.

In *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court held that the Sixth Amendment to the Constitution of the United States forbids the imposition of a prison or jail sentence on any indigent who has not been afforded the right to counsel. In Missouri, the effect of *Argersinger* is to require that counsel be provided indigents in criminal cases where a sentence of imprisonment may be imposed for commission of a misdemeanor as well as in cases where commission of a felony is charged. Cf. *Gideon v. Wainright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Green,* 470 S.W.2d 571 (Mo. banc 1971).

In *Green,* supra (470 S.W.2d 571, 573) this Court, on September 13, 1971, believing the burden on Missouri lawyers of representing indigents in criminal cases without compensation to be unreasonable, announced that after September 1, 1972, the attorneys of Missouri would not be compelled "to discharge *alone* 'a duty which constitutionally is the burden of the State.'" The General Assembly responded in 1972, and enacted §§ 600.010–600.085, RSMo Supp.1973, which provided generally for the defense of indigents charged in connection with a felony. No provision was made for the defense of indigents charged in connection with a misdemeanor.

However, the General Assembly has now acted to provide for the defense of indigents charged with a misdemeanor which will probably result in confinement in the county jail upon conviction (S.C.S. H.C.S. House Bill No. 1095, Second Regular Session, 78th General Assembly, effective August 13, 1976). Thus, this burden on the attorneys of Missouri has now, for all practical purposes, ended.

We recognize that many attorneys in Missouri have borne this burden without compensation and that they contend they should be compensated for services rendered in the past. We also recognize that the claim submitted by O. J. Gibson, Jr. for services and expenses is reasonable in amount. However, no money may be withdrawn from the state treasury other than by an appropriation law (Mo.Const., Art. IV, § 28; State ex inf. *Danforth v. Merrell,* 530 S.W.2d 209 (Mo. banc 1975)), and, in the circumstances, we do not consider it unreasonable to require the attorneys of Missouri, including O. J. Gibson, Jr., to bear the burden of past assignments alone.

The order of the trial court taxing costs is reversed. We are confident the parties will proceed in the future in a manner consistent with this opinion. Accordingly, the preliminary rule in prohibition is discharged.

SEILER, C. J., and MORGAN, HOLMAN and HENLEY, JJ., concur.

BARDGETT, J., concurs in result.

FINCH, J., concurs in result in separate opinion filed.

FINCH, Justice (concurring in result).

In view of the fact that the General Assembly has provided that an indigent charged with a misdemeanor which probably will result in confinement will be provided with counsel,[1] I agree that as a matter of policy we should reach the result arrived at in the principal opinion. I so conclude on the assumption made therein that enactment of this legislation will eliminate the need for attorneys to continue to

---

1. Section 600.047 of S.C.S. H.C.S. for House Bill No. 1095, effective August 13, 1976.

handle large numbers of misdemeanor cases without compensation or reimbursement.[2]

In so voting in this case, I desire to make it clear that I do so purely on the basis of policy considerations. I continue to hold the views expressed in my dissenting opinion in *State v. Green,* 470 S.W.2d 571 (Mo. banc 1971), as to the power of a court to tax an attorney's fee as court costs. Were it not for the amendment to the Public Defender Act adopted in the recent legislative session, I would vote to make permanent a writ of prohibition in *State ex rel. Gibson v. Grimm,* and in *State v. Michael Wayne Probst,* I would hold that the court did have authority to tax as costs an attorney fee for representing the indigent defendant. Whether such costs should be taxed therein against the State, as I suggested in *Green,* or against the county because the charge is a misdemeanor is a question that I would want to consider further.

2. While the General Assembly provided for appointment of counsel for indigents charged with misdemeanors, it did not appropriate funds which will be required to fund this additional representation. We can reasonably anticipate, however, that the next session of the General Assembly will appropriate emergency funds for this purpose for this fiscal year.