STATE ex rel. John C. DANFORTH,
Attorney General, et al., Relators,

v.

Hon. Julian M. LEVITT, Judge,
Respondent.

Joseph H. MOORE et al., Respondents,

v.

STATE of Missouri et al., Appellants.

Nos. 59236, 59248.

Supreme Court of Missouri,
En Banc.

July 12, 1976.

Rehearing Denied Sept. 13, 1976.

John C. Danforth, Atty. Gen. by Daniel P. Card, Asst. Atty. Gen., and Gordon D. Gee, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for relators.

William F. Mounts, Joseph H. Moore, Logan, Hentzen, Haitbrink & Moore, Kansas City, for respondents.

Michael A. Gross and Mary Ann Weems, Clayton, Willard Bunch, Russell D. Jacobson and Stanley Christopher, Kansas City, for amicus curiae.

DONNELLY, Justice.

Attorneys Joseph H. Moore and William E. Mounts, both licensed to practice law in the State of Missouri, filed a petition for declaratory judgment in the Circuit Court of Jackson County against the State of Missouri. In said suit, they alleged that they had been appointed to represent, and

---

had represented, indigents charged with the commission of misdemeanors, and asked that Jackson County or the State of Missouri be held liable in an amount sufficient to compensate them for their services.

A summons was served at the office of the Governor on August 21, 1973. No entry of appearance was made on behalf of the State of Missouri, and a default judgment was entered against the State of Missouri on November 5, 1973. The judgment declared the State liable in the amount of $900.00, and ordered the issuance of execution. A garnishment summons was subsequently served on a Kansas City bank which was a depository of State funds. On April 29, 1974, the State filed a motion to set aside the judgment and a petition to quash the garnishment. The motion and petition were denied on September 18, 1975. The State filed a notice of appeal and applied for a writ of prohibition. Our preliminary rule in prohibition issued on October 13, 1975. The appeal (No. 59248) and the proceeding in prohibition (No. 59236) were consolidated and were argued to the Court on January 21, 1976.

In *State ex rel. Gibson v. Grimm*, 540 S.W.2d 17 (Mo. banc 1976), decided concurrently herewith, we (1) note that the General Assembly has now provided for the defense of indigents charged with a misdemeanor which will probably result in confinement in the county jail upon conviction; (2) note that this burden heretofore imposed on the attorneys of Missouri has now, for all practical purposes, ended; and (3) hold that, in this situation, we do not consider it unreasonable to require the attorneys of Missouri to bear the burden of past assignments alone.

We consider the decision in *Gibson* controlling here, and hold that the trial judge erred and was without power to order the State of Missouri to compensate counsel.

The preliminary rule in prohibition is made absolute and the judgment is reversed.

SEILER, C. J., and MORGAN, HOLMAN and HENLEY, JJ., concur.

BARDGETT, J., concurs in result.

FINCH, J., concurs in result in separate opinion filed.

FINCH, Justice (concurring in result).

For the reasons expressed in my separate opinion concurring in result in *State ex rel. Gibson v. Grimm*, 540 S.W.2d 17 (Mo. banc 1976), I concur in result herein. Were it not for the recent enactment providing for appointment of counsel for indigent defendants charged with misdemeanors likely to result in confinement, I would vote otherwise, taking the position that the judge did have authority to allow a fee to counsel representing defendant and that it should be taxed as costs.