# Ancient Order of United Workmen, Appellant, *v.* Mooney

*Beneficial associations—Presumption of death—Payment of benefits—Bond—Beneficiaries.*

1. Where a member of a beneficial association disappears from his home, and after he has been away and unheard of for seven years the association on the presumption of his death pays the death benefits to his wife, the beneficiary entitled under the by-laws, but takes from her a bond, conditioned upon the repayment of the money if the member should return alive, and subsequently and after the death of his wife the member returns, but shortly thereafter dies, the association in a suit on the bond against the executrix of the wife is entitled to recover the full amount of the death benefits paid, with interest from the date of the payment.

2. Where parties treat upon the basis that the fact which is the subject of the agreement is doubtful, and the consequent risk each is to encounter is taken into consideration in the stipulations assented to, the contract will be valid notwithstanding any mistake of one of the parties, provided there be no concealment or unfair dealing by the opposite party that would affect any other contract.

3. Where the by-laws of a beneficial association provide that death benefits shall go to the widow of the member, or in the case of her death before the member, to the children, and the wife receives the benefits on the presumption of her husband's death after an absence for seven years, giving a bond to repay them if he returns alive, and after the death of the wife the member returns, and shortly afterwards dies, the wife's executrix will not be entitled to retain any portion of the benefits, since the wife's rights to the fund ceased upon her death, and became vested in the children. In an action upon the bond against the wife's executrix the rights of the children cannot be adjudicated, inasmuch as they are not parties to the suit.

Argued Oct. 20, 1910. Appeal, Nos. 65 and 120, by

plaintiff and defendant, from judgments of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 583, on verdict for plaintiff in case of The Grand Lodge of the Jurisdiction of Pennsylvania, Ancient Order of United Workmen v. Anna Mooney, Executrix of Ellen Mooney, deceased. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit on a bond. Before SWEARINGEN, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,011.81. Both plaintiff and defendant appealed.

*Errors assigned* were the instructions of the court.

*Ward Bonsall,* with him *Charles A. Poth,* for Anna Mooney, appellant.—After an absence of seven years, unheard of, the insured will be presumed to be dead, and if premiums have been paid during that time, the insurance company must pay the policy: Hancock v. American Life Ins. Co., 62 Mo. 26; John Hancock Mutual Life Ins. Co. v. Moore, 34 Mich. 41; Mutual Benefit Life Ins. Co. v. Martin, 108 Ky. 11; Esterly's App., 109 Pa. 222.

Doing what one is legally bound to do cannot be a consideration to support a promise: Swaggard v. Hancock, 25 Mo. App. 596; Wimer v. Worth Township Poor Overseers, 104 Pa. 317; Robb v. Mann, 11 Pa. 300; Cleaver v. Lenhart, 182 Pa. 285; Mays v. Patterson, 20 Pa. Superior Ct. 92.

In this suit or in any suit by the plaintiff association against the defendant for the purpose of recovering the money paid to Ellen Mooney, whether a suit on the bond or not, the defendant has the right to interpose any equitable rights which she may possess in the matter, because equitable defenses are allowed in Pennsylvania: Light v. Stoever, 12 S. & R. 431; Price v. Lewis, 17 Pa. 51; Waln v. Smith, 1 Phila. 362; Blessing v. Miller, 102.

Pa. 45; Murray v. Williamson, 3 Binney, 135; Heck v. Shener, 4 S. & R. 249; Gaw v. Wolcott, 10 Pa. 43; Patterson v. Hulings, 10 Pa. 506; Eckel v. Murphey, 15 Pa. 488; Weimer v. Clement, 37 Pa. 147; Pownall v. Bair, 78 Pa. 403; Kerr v. Culver, 209 Pa. 14.

When Ellen Mooney accepted the money, surrendered the benefit certificate to the plaintiff association, and signed the bond sued upon in this case, the whole transaction was done under a mistake of fact mutual to both parties, namely, that John Mooney was dead.

A mutual mistake of fact is grounds for the rescission of an agreement in a court of equity, and for a reinstatement of the policy: Riegel v. American Life Ins. Co., 140 Pa. 193; Riegel v. American Life Ins. Co., 153 Pa. 134.

*R. A. Balph*, with him *James Balph*, for Ancient Order of United Workmen.—The bond had a valid and sufficient consideration: Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361; Young v. Snyder, 3 Grant, 151.

The mistake of fact on which a contract is founded necessary to render it void, must be a mutual mistake: Fink v. Smith, 170 Pa. 124; Perkins v. Gay, 3 S. & R. 327; Kowalke v. Ry., etc., Co., 103 Wis. 472 (79 N. W. Repr. 762); Krumrine v. Grenoble, 165 Pa. 98.

OPINION BY MR. JUSTICE POTTER, January 3, 1911:

John Mooney was a member of the Ancient Order of United Workmen, a beneficial society, and as such he held a benefit certificate in the sum of $2,000 payable at his death to his wife, Ellen Mooney. He disappeared and was not heard from for more than seven years, and the presumption of his death therefore arose. The wife demanded payment of the benefit certificate, and the plaintiff society made payment, but at the same time took from Ellen Mooney a bond to insure the return of the $2,000 so paid, in case it should be found that the said John Mooney was alive; and to indemnify and save

harmless the plaintiff by reason of the said payment. Ellen Mooney received the payment and gave the bond in 1902, and died in 1905. In April, 1906, his children learned that John Mooney was alive, and in the following month he returned to Pittsburg, where he died soon afterwards. The beneficial society then brought this suit to recover upon the bond given by Ellen Mooney. Upon the trial the court below refused to charge as requested by counsel for defendant, that the bond was without consideration. He also refused the instruction requested in behalf of plaintiff, that it was entitled to the full amount of the money paid to Mrs. Mooney, with interest thereon. The jury were then instructed that the right of plaintiff to recover was limited to the amount of the assessments on the benefit certificate up to the time of John Mooney's death, with interest thereon; to interest upon the sum of $2,000 paid to Ellen Mooney, from the time of such payment to the date of John Mooney's death; and to interest on these sums from the date of John Mooney's death to the date of the trial. In accordance with these instructions, the jury rendered a verdict in favor of plaintiff for $1,011.81. From the judgment entered thereon, both parties have appealed, and the appeals have been argued together. The questions raised are, whether any recovery can be had upon the bond, and if so, what amount. We cannot agree with the conclusions of the trial judge that the bond was given under a mistake of fact. It is evident that when the bond was given, both parties acted upon the theory that John Mooney might be alive, and to provide against the consequences of that contingency, the bond was required, and was given. We think this case comes within the principle announced by Mr. Justice GIBSON, in Perkins v. Gay, 3 S. & R. 327, when he said (p. 331): "Where the parties treat upon the basis that the fact which is the subject of the agreement is doubtful, and the consequent risk each is to encounter is taken into consideration in the stipulations assented to, the contract will be valid notwith-

standing any mistake of one of the parties, provided there be no concealment or unfair dealing by the opposite party, that would affect any other contract. Every wager, as well as every policy of insurance, and every compromise of a doubtful right, depends on this principle. . . . If there be no intention of fraud, no unfair dealing, and neither party has more knowledge of the fact misconceived, than the other had, the contract will bind." And in Ashcom v. Smith, 2 P. & W. 211, it was said (p. 218): "Equity will indeed relieve against a plain mistake, as well as against misrepresentation and fraud. But can mistake be alleged in a matter which was considered as doubtful, and treated accordingly? Where each of the parties is content to take the risk of its turning out in a particular way, chancery will certainly not relieve against the event." In Logan v. Mathews, 6 Pa. 417, Mr. Justice COULTER makes the statement (p. 421) that, "The compromise of a doubtful right or liability has always been held to be a good consideration for a promise." And in Bispham on Equity (8th ed.), 1909, sec. 191, it is said, "Still less can a chancellor grant redress in a case where a party finds that his motives for entering into a contract were mistaken, or his expectations unfounded. This is especially the case where the means of information are equally open to both parties; or the subject matter of the agreement is of a doubtful character."

In the case at bar, the fact that John Mooney had been absent and not heard from for more than seven years raised a presumption of his death. But it was a rebuttable presumption. "The presumption of death arising from absence, etc., stands as competent proof of death only until it is successfully rebutted by competent and satisfactory evidence:" Thomas v. Thomas, 124 Pa. 655. On the theory, therefore, that the actual death of John Mooney was a doubtful matter, the agreement in question was based, and the contract was entered into by which the amount of the insurance was paid to Ellen

Mooney, and the bond to indemnify in case John Mooney should prove to be alive, was given by her. We cannot regard this as a settlement based on a mistake of fact. It certainly was not, in so far as Ellen Mooney was concerned. We think that the transaction is fairly to be regarded as a payment by the society in compromise of what at the time was a claim not free from doubt, and that such payment under the circumstances was a sufficient consideration for the bond. As it turned out, the very thing which was regarded by both parties as a possibility, came to pass; for John Mooney was found to be alive, and under the condition of the bond it then became the duty of Ellen Mooney to refund to plaintiff the amount of the benefit certificate, being the sum of $2,000. Nothing else than this would relieve her from the plain obligation of the bond.

Another matter appears upon the record, which shows that the view taken by the court below was wrong. Ellen Mooney, the wife of the insured, was the original beneficiary, and the money due upon the benefit certificate was paid to her as such, and she gave the bond of indemnity upon which this suit is based. But it appears that she died in the year 1905, while the insured was still living. He died in the following year, 1906. Under a by-law of the society, the interest of the wife as beneficiary ceased with her own death; and as the insured designated no other beneficiary, under the rule of the society, the benefit certificate became payable to the children of John Mooney. It therefore follows that if the certificate was in force at the time of the death of John Mooney, neither the wife, Ellen Mooney, nor her estate, was entitled to receive any part of the death benefit. Whatever sum was due thereon would have been payable, under the by-law, to other beneficiaries, the children of the insured. The judgment of the court below would leave a sum in the hands of the executrix of the wife, who apparently has no right to it. The rights of the children as beneficiaries cannot be determined in this proceeding. They are not par-

ties to the present suit, and their claims are not here involved. We are of opinion that, under the terms of the bond, the defendant as executrix, is bound to refund to the plaintiff, with interest thereon, the full amount paid to Ellen Mooney, under the erroneous presumption of her husband's death.

The judgment of the court below is therefore reversed, and it is ordered that judgment be entered in favor of the plaintiff in the sum of $2,000 with interest thereon from July 8, 1902.

