THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, v. JOHN M. GOLDSMITH.—192 S. W. (2d) 1.

Kansas City Court of Appeals.   December 3, 1945.

*Clarence C. Chilcott* for appellant.

192

*Henry I. Eager* and *Michaels, Blackmar, Newkirk, Eager & Swanson,* for respondent.

CAVE, J.—This is an action against one of the sureties upon a disappearance bond. The case was tried before the court, without the aid of a jury, resulting in a verdict and judgment in favor of plaintiff (respondent) for the penal sum of the bond, $2980, and defendant has appealed.

This court reversed that judgment by an opinion reported in 181 S. W. (2d) 201. The opinion of this court was quashed by an opinion of the Supreme Court reported in 185 S. W. (2d) 654. All essential facts are set out in the above opinions and only such as are necessary for a decision of the remaining issues will be noted.

The plaintiff (respondent) had issued three policies of insurance upon the life of one James A. Goldsmith. Each of these policies was payable only upon receipt of "due proof of the death of the insured." In 1932, since insured had not been heard from for more than seven years, a presumption of his death arose, and claim was made upon the plaintiff by the beneficiary, the mother of the insured. Plaintiff had doubts that the insured was dead, but offered to pay the claim upon the condition that it be furnished a bond. On March 3, 1933, the bond was executed, with Nellie Goldsmith as principal and her son (defendant) and daughter as sureties. Whereupon, full payment of the policies as a death claim was made by plaintiff to Nellie Gold-

smith by checks dated March 20 and 21, 1933. The essential provisions of the bond are:

"Whereas, the said The Prudential Insurance Company of America (plaintiff) is about to pay to the said bounden Nellie Goldsmith the sum of One Thousand Four Hundred Ninety ($1,490.00) Dollars, . . . said payment being made by said Company without requiring due proof of death provided for by the terms of said policies, but in reliance upon the truth of representations made to it by the said Nellie Goldsmith . . . that the said James A. Goldsmith is dead.

"Now, therefore, the condition of this obligation is such that if it shall hereafter be proven to the satisfaction of the said Company that the said James A. Goldsmith is alive, and if upon demand made the above bounden parties, or any or either of them, their heirs, executors, administrators, and assigns shall fully indemnify and save harmless said Company from all loss, expense and damage by it incurred by reason of said payment then this obligation shall be null and void, otherwise to remain in full force and virtue in law."

In March, 1941, about eight years after the money was paid, the defendant wrote plaintiff that his brother was alive and asked to be "released" from the bond. Plaintiff verified the fact that insured was alive and at various times requested reimbursement for the money paid on the policies, which was refused by the principal and sureties, and this suit followed.

In our former opinion we held to the effect that the payment of the money by plaintiff to the mother of the insured was only the "subject-matter" of the bond and did not constitute any "loss or damage" as a consequence of any "prospective" breach; that the bond was only one indemnifying against loss, that plaintiff had suffered no compensable loss under the bond and that none had been pleaded or proved.

The Supreme Court held in substance: That the terms of the bond are unambiguous; that plaintiff did not owe Nellie Goldsmith anything on these policies at the time the payment was made, and that it would have owed her only upon the death of the insured and proof of his death; that plaintiff *sustained a loss within the meaning of the bond* in making such payment; that "The bond was breached when it was proved that James A. Goldsmith, the insured, was alive and relator (plaintiff) made a demand under the bond"; that the language of the bond was sufficient to, and did, give it a retroactive effect and that it covered the payment already made by plaintiff to Nellie Goldsmith; that the petition stated a cause of action and 'plaintiff's evidence supported the same.

Such findings and declarations by the Supreme Court become the law of the case. This is recognized by appellant (defendant) and he now urges that the judgment should be reversed because the trial

court erred in allowing plaintiff interest on the money paid to Nellie Goldsmith *from the date of such payment,* and in allowing attorneys' fees. Neither of these questions has been decided by the opinion of this court nor the Supreme Court. We shall direct our attention to these two alleged errors.

It is appellant's contention that the bond does not provide for the payment of either interest or attorneys' fees, and that no interest could accrue until a demand was made for the repayment of the money by Nellie Goldsmith or her sureties; and that under no circumstances could the court properly allow attorneys' fees in this suit, because the bond had no such provision. Appellant contends that the bond indemnifies it against *"all loss, expense and damage* by it incurred by reason of said payment''; that interest from the date of the payment of the money is a part of its *loss* and *damage incurred* and the attorneys' fees allowed are a part of its *expense incurred* in suing to enforce the bond. (Italics ours.)

It must be conceded that the bond does not *specifically* provide for the payment of interest or attorneys' fees. Therefore, the question for solution is whether the broad and general terms *"of loss, expense and damage"* can be construed to include interest at 6 percent from the date of the original payment and also attorneys' fees.

Defendant, being a gratuitous surety is a favorite of the law. His liability is *strictissimi juris* and cannot be extended by implication or construction and not beyond the precise terms of his undertaking, which is to be strictly construed. [Harris v. Taylor, et al., 150 Mo. App. 291; Citizens Trust Co. v. Tindle, et al., 272 Mo. 681; State ex rel. Prudential Insurance Co. v. Bland, 185 S. W. (2d) 654, 656.]

As a starting point to the solution of this question, we construe the Supreme Court's opinion to hold that this bond was *breached* "when it was proved that James A. Goldsmith, the insured, was alive and relator (plaintiff) made a demand under the bond''; and that because plaintiff's petition alleged such facts it stated a good cause of action. At page 655 of the opinion, the court said: ''The only breach of the conditions of the bond alleged in relator's (plaintiff's) petition is that relator (*insured*) was proved to be alive and that Nellie Goldsmith, and her sureties, refused, *upon demand,* to pay relator (plaintiff) the amount of the money paid by it to Nellie Goldsmith.'' On page 656 of the opinion the court declared, ''The bond was breached when it was proved that James A. Goldsmith, the insured, was alive and relator (plaintiff) *made a demand* under the bond.'' (Italics ours). It follows that plaintiff's cause of action arose upon the *breach* of the bond.

Able counsel for plaintiff strenuously argue that the question of ''demand'' or ''breach'' of the bond has nothing whatever to do with the question of whether the surety is liable for interest from the date of the original payment. To this we cannot agree.

"The general rule is that, in the absence of an agreement to pay interest, it is implied by law as damages for not discharging a debt when it ought to be paid. . . . Where a contract provides for the payment of money upon the happening of an event, it is not due until the event transpires, and interest does not begin to run until that time." [Saratoga Trap Rock Co. v. Standard Accident Insurance Co., 143 App. Div. 852, 128 N. Y. Supp., 822.] The court was there construing an insurance contract of liability for damages and said the policy was "one of indemnity merely." In the present case we held, and the Supreme Court concurred, that this bond was "an indemnifying bond against damage and not liability; . . . It is also the general rule that "interest, when allowed as damages, runs from the date when the right to recover a sum certain is vested in the plaintiff. In actions for breach of contract, it ordinarily runs from the date of the breach or the time when payment was due under the contract." [15 Am. Jur. p. 584, Sec. 168. (See, also, 17 C. J. 919, 920, 922; 25 C. J. S. 637, 639).]

In the present case the plaintiff had no right to recover from Mrs. Goldsmith the money which it had paid her on the policies until, as provided by the bond, it " . . . be proven to the satisfaction of the said company that the said James A. Goldsmith is alive, and if upon demand made the above bounden party . . . shall fully indemnify and save harmless said company. . . ." It is our conclusion that the plaintiff is entitled to interest on the amount paid Mrs. Goldsmith from the time it made demand for the repayment of the money until it is repaid, and that the trial court erred in allowing 6 per cent interest from the date of payment in March, 1933.

It is stated in the briefs that demand was not made until about May 14, 1941, although the record is not clear on the question, and the trial court should ascertain the date of demand and allow interest from that date to the time of entering final judgment in accordance with the views expressed herein.

We have read and considered the various cases cited by plaintiff and conclude they are clearly distinguishable on the facts, with the possible exception of the case of Ancient Order of United Workmen v. Mooney, 230 Pa. 16. The facts in that case are quite similar to those in the present case, but the opinion does not set out the provisions of the bond, but merely states the substance thereof, which appear to be similar to the provisions of the present bond. The court allowed the bonding company interest on the amount of money paid from the date of such payment but it assigns no reason therefor nor cites authorities in support of that conclusion. That opinion is persuasive but not binding upon us, and we decline to follow it by giving it the construction contended for by plaintiff.

Plaintiff cites the case of Cupples Company v. Mooney, 25 S. W. (2d) 125. The St. Louis Court of Appeals was discussing damages for the breach of a contract to purchase certain goods. The court said, l. c. 129 "Defendant argues that interest is not allowable in an action of this character, but our decisions hold to the contrary, provided the loss is one definitely capable of ascertainment, upon the theory that the damages accrue from the *breach* of a written contract which brings the case within the purview of section 6491 R. S. 1919 (now Sec. 3226, R. S.1939). . . . The fact that plaintiff subsequently reduced the damages by the resale was in defendant's favor, and does not militate against the conclusion that the latter was in default from the time of the *breach,* and obligated to pay interest, if at all, from the time his indebtedness became due and payable. . . . (Italics ours). Thus this case recognizes the rule that interest, as damages, is allowed from the date of the *breach* of the contract. Other cases cited by plaintiff allowing interest are to be distinguished on the facts.

We believe the underlying principle in all such cases is to the effect that a party may be charged with interest from the time he becomes obligated to pay a sum of money or, in other words, when he *breaches* his obligation. In the instant case the Supreme Court holds this bond or written obligation was *breached* at a certain time, and it is our conclusion that defendant should be charged with interest from the date of the breach.

Directing our attention to the assignment that the court committed error in allowing attorneys' fees for bringing the suit on the bond, it is conceded there is no staute in Missouri authorizing the allowance of attorneys' fees in this kind of suit. The right to recover attorneys' fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such an item of expense is not allowable in the absence of a statute or of some agreement expressly authorizing the taxing of attorneys' fees in addition to the ordinary statutory costs. The term "costs" or "expenses", as used in a statute, is not understood ordinarily to include attorneys' fees. Generally, it is held that attorneys' fees are not included within a contractual provision for the payment of "expenses." [14 Am. Jur., p. 38, Sec. 63; Annotation: Ann. Cas. 1914 C, 1300, 1301.] (Citing an array of authorities to support the text).

However, it has been held that the clause "expense of litigation" in a liability insurance policy would include attorneys' fees. [Aetna Life Insurance Co. v. Bowling Green Gas Light Co., 150 Ky. 732, 150 S. W. 994.] But this bond does not include such a clause.

The decisions of the various states seem to allow or deny interest and attorneys' fees under various facts and are not at all uniform; but it is our conclusion, giving a strict construction to the provisions of the bond, as we must do, the plaintiff is not entitled to allowance of

198

attorneys' fees and should be allowed interest at 6 per cent per annum from the date of *demand*, as provided in the bond.

The judgment is reversed and the cause remanded with directions to the trial court to ascertain the date of *demand* and allow interest on the full amount paid by plaintiff to Nellie Goldsmith from the date of *demand* until the time of entering final judgment herein, together with costs. [Sec. 3266, R. S. 1939. Gary Realty Co. v. Swinney, 322 Mo 450-461-62.] All other issues are resolved favorably to plaintiff.

All concur.