**STATE of Missouri ex rel. Donald L. CAIN et al., Relators,**

v.

**James MITCHELL et al., Respondents.**

No. 59532.

Supreme Court of Missouri, En Banc.

Dec. 13, 1976.

Donald L. Cain, Kierst, Cain & Gordon, Kansas City, for relators.

Willard B. Bunch, John E. Cash, Kansas City, for respondents.

SEILER, Chief Justice.

Relators are attorneys licensed to practice in Missouri who have been appointed at various times by the judges and commissioners of the 16th Judicial Circuit to represent indigent juveniles in the Jackson County Juvenile Court. Contrary to the orders of these judges and commissioners, the respondent county director of revenue has refused to disburse funds to relators for their services and expenses in the representation of indigent juveniles. Relators petitioned the Court of Appeals, Kansas City district, to issue a writ of mandamus to compel the director of revenue to pay relators. On the recommendation of the Kansas City district, we ordered the application for this writ transferred here. Rule 83.06.

Relators contend that the term "costs" as used in § 211.281, RSMo 1969, which governs the taxing of costs in the juvenile courts, includes attorneys' fees. Therefore, they maintain the orders to the director of

revenue were simply exercises of the courts' inherent power through this statute to tax costs. Consequently, relators argue that the writ of mandamus should issue to compel the director of revenue's compliance with lawful orders of the circuit judges and commissioners. We disagree.

The premise that "costs" include attorneys' fees is crucial to relators' position because they rely upon the express provisions of § 211.281 as the source of the court's inherent power. Section 211.281 provides: "The costs of the proceedings in any case in the juvenile court may, in the discretion of the court be adjudged against the parents of the child involved or the informing witness . . . . All costs not so collected shall be paid by the county." It is apparent from the language of this section that the court has the power to determine who will pay costs. Relators argue further, however, that the court has the inherent power through this statute to denominate any or all expenses surrounding litigation as costs.

At the outset, it must be noted that relators' use of the term "inherent power" does not comport with its accepted meaning. Inherent powers do not depend upon statutory authorization as their source. Inherent power is defined as "an authority possessed without its being derived from another." Black's Law Dictionary (4th ed. 1968). See *State ex rel. Weinstein v. St. Louis County*, 421 S.W.2d 249, 255 (Mo.banc 1967); *State ex rel. Gentry v. Becker*, 351 Mo. 769, 174 S.W.2d 181, 183 (1943). Rather, by relying on § 211.281 relators are in truth arguing that the court has the *implied* (not *inherent*) power to tax attorneys' fees as costs, because their position is that such power is deduced from the language of the statute and is " . . . necessary to carry into effect those powers which are expressly granted . . . ." Black's Law Dictionary, supra. This conclusion is unwarranted and we have expressly held to the contrary.

Historically, "[t]he right to recover attorneys' fees from one's opponent in litigation as a part of the costs thereof . . .

[did] not exist at common law." *Prudential Ins. Co. v. Goldsmith*, 239 Mo.App. 188, 192 S.W.2d 1, 4 (1945). Likewise, it has been held that whether attorneys' fees are recoverable depends upon either express statutory authority or agreement of the parties. *City of Kansas City v. Kindle*, 446 S.W.2d 807, 818 (Mo.1969); *Munday v. Thielecke*, 290 S.W.2d 88, 93 (Mo.1956); *City of St. Louis v. Meintz*, 107 Mo. 611, 18 S.W. 30, 31 (1891); *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157, 161 (Mo.App.1973); *Herhalser v. Herhalser*, 401 S.W.2d 187, 194 (Mo.App.1966); *Willis v. American Nat. Life Ins. Co.*, 287 S.W.2d 98, 107 (Mo.App. 1956). In the case before us there is no express statutory authorization for an attorney's fee, as there is found, for example, in § 202.807, RSMo Supp.1975, which relates to the judicial procedure for hospitalizing the mentally ill on court order. Even more compelling are holdings in this state that the term "costs" as used in a statute does not include attorneys' fees, with certain exceptions. *Leslie v. Carter*, 268 Mo. 420, 187 S.W. 1196, 1197 (1916); *Burns v. Ames Realty Co.*, 31 S.W.2d 274, 275 (Mo.App.1930). For a list of the exceptions to this rule see *Johnson v. United Rys. Co.*, 247 Mo. 326, 152 S.W. 362, 366 (banc 1912). None apply here.

Relators then continue their argument by analogizing between the circumstance before us and the appointment of guardians ad litem. They contend that since guardians ad litem represent interests similar to counsel appointed to defend juveniles and receive compensation through costs when no statute expressly authorizes such payment, counsel appointed to represent juveniles should be similarly compensated. Relators cite *Ragan v. Looney*, 377 S.W.2d 273 (Mo.1964) and *Tracy v. Martin*, 363 Mo. 108, 249 S.W.2d 321 (banc 1952) for the proposition that the power of a court to order the payment of a guardian ad litem is implied from the court's power to appoint. The inapplicability of this statement to the facts before us becomes apparent when it is recognized that in the guardian ad litem situation of *Tracy*, there was a fund in the court from which the guardian could be compen-

sated. Such a fund in court from which counsel could be compensated does not exist in juvenile cases. In *Ragan*, contrary to respondents' implication, this court did not allow the guardian's fee as costs. In an underlying action in that case, the guardian ad litem successfully defended an action to quiet title, and the court allowed him a $500 fee from his clients, the minor defendants. Later, one of the minor defendants moved that the fee allowance be set aside. The motion was sustained. The guardian then brought suit against his former clients for his fee, obtained judgment, and levied on real property of his former clients. The sheriff sold this property to satisfy the guardian's judgment. Many years later in a cross bill in a quiet title suit an attempt was made to invalidate the execution sale which was forced by the guardian's successful suit. The circuit court invalidated the sale and an appeal was taken to this court. In that appeal, to justify the invalidation of the execution sale, it was argued that the guardian's fee should have been assessed as costs against the defeated plaintiff. Although the relators in the case before us draw our attention to the fact that the fee was upheld in *Ragan*, we refused to assess it as costs against the defeated party. The guardian was required to turn to his own clients for compensation. This distinction between a guardian turning to his client for compensation and turning to someone else, a governmental unit, was recognized by the case upon which both *Ragan* and *Tracy* rely—*Jones v. Yore*, 142 Mo. 38, 43 S.W. 384, 387 (1897).

The fees of appointed counsel representing indigent juveniles are not included in the term "costs" as used in § 211.281 and the analogy between guardians ad litem and appointed counsel in this case does not compel a different result.

The parties having stipulated to a waiver of the issuance of the alternative writ, and the cause having been considered on the petition and the return thereto, the peremptory writ is denied for the reasons set forth above.

MORGAN, HOLMAN, BARDGETT, HENLEY and DONNELLY, JJ., concur.

FINCH, J., dubitante.