**William E. SHULL, Respondent,**

v.

**CITY OF KANSAS CITY, Missouri, Appellant.**

No. KCD 28180.

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

Aaron A. Wilson, City Atty., Dan G. Jackson III, Asst. City Atty., Kansas City, for appellant.

William E. Shull, Robert G. Duncan, Kansas City, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

William E. Shull, an attorney, seeks to recover from the City of Kansas City the sum of $300 allowed him by a municipal judge of the City for representing three indigent defendants. The circuit court found against the City.

On this appeal the City contends the municipal court was without authority to allow an attorney fee as costs and attorneys cannot recover compensation for performing duties under appointment by the court. Reversed.

This cause was submitted to the circuit court upon a stipulation of facts. It ap-

pears the City entered into a contract with the Legal Aid and Defender Society of Kansas City to provide representation to indigent defendants appearing in the municipal court of Kansas City. In December, 1973, three indigent defendants appeared in municipal court and the stipulation stated:

> The court, its personnel, and the plaintiff (Shull), at the direction of the court, conducted an exhaustive and extensive search for employees of the Kansas City Legal Aid and Defender Society who normally represent indigent defendants in the court, but were unable to locate same.

The stipulation further stated the defendants insisted on an immediate and prompt hearing on the merits of their cases.

The defendants were appearing in municipal court on the day their cases were originally set without any previous continuances. There is no showing as to how long the search for an attorney from the Legal Aid Society continued nor is there any showing of any inability on the part of the Legal Aid Society to represent these defendants other than the temporary inability to locate one of their attorneys.

Shull represented the three defendants and thereafter presented a motion to the municipal judge, before whom the cases were tried, in which he requested the allowance of an attorney fee. The judge entered an order allowing Shull $300, and assessed the same as costs and directed the City to pay such sum to Shull.

The City contends the order of the municipal judge is beyond his authority because § 22.33 of the general ordinances of the City provides "that in no case shall the City be liable for any costs assessed in municipal court."

Shull does not point to any provision which allows compensation to an appointed attorney to be assessed as costs in municipal court. In *State ex rel. Cain v. Mitchell*, 543 S.W.2d 785, 786 (Mo. banc 1976) the court stated: "Even more compelling are holdings in this state that the term 'costs' as used in a statute does not include attorneys' fees, with certain exceptions." None of these exceptions applies here.

The provision in the ordinances of the City, together with the general rule quoted from *Cain* indicate the order allowing Shull an attorney fee cannot be sustained on the basis it is part of the costs in the case.

The City contends Shull is not entitled to recover compensation for services rendered pursuant to an appointment. Shull counters by arguing the court has inherent power to appoint an attorney to represent an indigent defendant. Shull further relies on *State v. Green*, 470 S.W.2d 571 (Mo. banc 1971) in which the court held that after September 1, 1972, attorneys in this State would not be compelled to discharge alone the duty of representing indigent defendants in criminal cases. However, in *Green* the court reversed an award of attorney fees and stated the question was one for the legislative branch.

In *State v. Becker*, 351 Mo. 769, 174 S.W.2d 181, 184 [4, 5] (1943) the court stated:

> It is the general rule and the better reasoned view that "in the absence of statute providing therefor, an attorney who has been assigned by the court to defend an indigent accused cannot recover compensation therefor from the public" (Annotations 130 A.L.R. 1439, 1440; 36 L.R.A., N.S., 377–383), either for trying the case or for appealing it. Annotation 100 A.L.R. 321, 331.

The court in *Becker* specifically rejected the inherent authority of the court argument. From its holding in *Becker* to the decision in *Cain*, the Supreme Court has refused to order appointed attorneys compensated from public funds either on the theory of assessing the amount as costs or under the inherent power of the court.

The City of Kansas City has made provision for the representation of indigent defendants in municipal court. Absent a provision in the ordinances of the City to compensate Shull for his services, there is no obligation on the City to do so.

The judgment is reversed.

All concur.