In the Interest of **L. R. R.**, Respondent,

v.

**CHRISTIAN FAMILY SERVICES, INC.**, Appellant.

**No. 43105.**

Missouri Court of Appeals, Eastern District, Division Three.

May 19, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Application to Transfer Denied Sept. 8, 1981.

Bradford L. Stevens, St. Louis, for appellant.

Donald Becherer, St. Louis, for respondent.

CRIST, Presiding Judge.

Appellant (hereinafter "agency") appeals the trial court's denial of its motion to retax costs pursuant to Rule 77.05. We affirm.

L. R. R., the minor child involved, was born on February 28, 1976, of a thirteen year old mother and an indigent, and likewise minor father. Approximately five months later, on July 16, 1976, agency acquired legal custody of L. R. R. Subsequently, agency sought, by petition, termination of the parental rights of the natural parents. A hearing on agency's petition was held March 26, 1980. All parties to the hearing were individually represented by counsel, the court having appointed a guardian ad litem for L. R. R. and her mother, and an attorney for the natural father according to the dictate of § 211.462, RSMo. 1978.

The trial court terminated the parental rights of the minor mother and indigent father on April 3, 1980, and ordered that legal custody of L. R. R. remain with agency for the purpose of adoption. The trial court further ordered that L. R. R.'s guardian ad litem, mother's guardian ad litem, and father's attorney be allowed $100.00 each for services rendered. These allowances were to be considered part and parcel of the proceedings "costs," and as such, paid by agency.

Agency contends that the trial court exceeded its jurisdiction when it taxed, as costs against agency, the attorney's fees of both mother's guardian ad litem and counsel for father.[1]

Agency seeks relief pursuant to *State ex rel Cain v. Mitchell*, 543 S.W.2d 785 (Mo. banc 1976). In *Cain*, the court considered it improper practice to tax as costs, against a county governmental unit, the fees of an indigent juvenile's court-appointed attorney. Factually, the present situation differs inasmuch as we are concerned with the propriety of assessing attorney's fees as costs, against the "agency . . . receiving legal or actual custody . . ." of the minor child. Section 211.462, RSMo. 1978. The above quoted statute reads, in its entirety, as follows:

1. As soon as practicable after the filing of a petition and prior to the hearing, the parent or guardian of the person or the child shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court. Notice of this provision shall be contained in the summons. In all actions counsel shall be appointed for the child.

2. When the parent is a minor the court shall appoint a guardian ad litem to represent such minor parent.

3. The hearing shall be held as expeditiously as possible.

4. Court costs shall be paid by the county in which the proceeding is instituted, except that the court may require the agency or person having, or receiving, legal or actual custody to pay the costs.

Initially, we consider it pertinent to note the following: (1) Section 211.462(4), RSMo. 1978, mentions that *court costs* shall be paid by the county unless the agency is ordered to pay *costs* (Thus, the word *"court"* is deleted in the second instance, and not used in conjunction with the word *"cost,"* so as to comprise the term *"court costs."*); (2) Section 211.462, RSMo. 1978 expressly pro-

vides for appointment of an attorney to represent the natural parents in this case, as well as the child (See, *Labor's Educational & Political v. Danforth*, 561 S.W.2d 339, 350 (Mo.banc 1978), wherein "costs" were said to include attorney's fees although not assessable against the state.); and, (3) Section 527.100, RSMo. 1978, which relates to costs involved in declaratory judgments, includes attorney's fees as costs. *Danforth, supra.*

Section 211.462, RSMo. 1978, requires the appointment of attorneys to represent the respective interests of the minor mother and the indigent father. This same statute further specifies that the agency or person receiving custody of the child shall, when ordered, pay "costs." Compensation to attorneys, who performed services the statute necessitated, would appear a predictable "cost," and contemplated by the legislature as a reasonable corollary to effectuate the statute's designs. This state has, on numerous occasions, recognized and reiterated the principle that courts of general jurisdiction possess the inherent power to pursue activities deemed reasonably necessary to preserve their existence and function as courts, which includes the right to appoint individuals requisite to their continued function. See, *State ex rel. Weinstein v. St. Louis County*, 451 S.W.2d 99, 102 (Mo.banc 1970). Also, see, *State v. Green*, 470 S.W.2d 571 (Mo.banc 1971); *State ex rel. Gibson v. Grimm*, 540 S.W.2d 17 (Mo.banc 1976).

Agency is hereby ordered to pay $100.00 as and for attorney's fees to indigent father's court-appointed counsel. Agency is further ordered to pay $100.00 as and for attorney's fees to mother's guardian ad litem ($200.00 total). Inasmuch as agency has already tendered this amount to the court clerk, the clerk is hereby ordered to transmit the above amounts to the attorneys mentioned. In all other particulars, the judgment is affirmed.

Affirmed.

REINHARD, J., concurs.

SNYDER, J., dissents in separate dissenting opinion.

SNYDER, Judge, dissenting.

I respectfully dissent, believing that *State ex rel. Cain v. Mitchell*, 543 S.W.2d 785 (Mo.banc 1976), and other cases are controlling and require a finding by this court that attorney fees may not be taxed as costs absent express statutory authority or agreement of the parties. *State ex rel. Cain v. Mitchell, supra*, at 786. There is no express statutory authorization in § 211.462, RSMo 1978, and no agreement of the parties in the case at bar.

In *State ex rel. Cain* attorneys who had been appointed at various times to represent indigent juveniles attempted to have their fees taxed as court costs. The supreme court refused to issue a writ of mandamus which would compel the Jackson County director of revenue to pay the attorney fees because the trial court had no authority to tax the attorney fees as court costs, saying: "Even more compelling are holdings in this state that the term 'costs' as used in the statute does not include attorneys' fees, with certain exceptions." *State ex rel. Cain v. Mitchell, supra* at 786. The exceptions which are listed in *Johnson v. United Railways Co.*, 247 Mo. 326, 152 S.W. 362, 366 (1912) do not apply here.

The Missouri Supreme Court held in an even more recent case that the expense of psychiatric examinations of juveniles could not be taxed as costs absent specific statutory authorization. *State v. D. S.*, 606 S.W.2d 653, 654 (Mo.banc 1980). The court ruled in *State v. D. S., supra*, that recovery and allowance of costs rests entirely on statutory provisions and quotes *McClue v. Epsten*, 492 S.W.2d 97, 98[1] (Mo.App.1973): "'The legal principle controlling here is that no item is taxable as costs unless specifically so provided by statute.'"

The majority opinion relies primarily on *Labor's Educational & Political Club-Independent v. Danforth*, 561 S.W.2d 339, 350 (Mo.banc 1977), but *Danforth* involved a declaratory judgment action and the related statute, § 527.100, RSMo 1969. Further, the award of attorney fees was denied. Still further, the statement in the opinion

that " '[c]osts' has been interpreted to include attorney fees" was only dicta and based on an opinion in a declaratory judgment action brought to interpret a will and testamentary trust. *Bernheimer v. First National Bank of Kansas City*, 359 Mo. 1119, 225 S.W.2d 745, 755 (banc 1949). Thus, *Danforth* is indeed only a slender reed of support for the majority's conclusion.

Because of the law as set forth in the cited opinions, I must disagree with the majority. I would reverse and remand with instructions to retax the costs by deleting the fees of court appointed counsel.