**In re The Interest of K.P.B., R.J.B., D.M. and L.M., Minors.**

**No. 63817.**

Supreme Court of Missouri, En Banc.

Dec. 3, 1982.

Rehearing Denied Jan. 11, 1983.

Mark T. Stoll, Wegmann, Gasaway, Stewart, Schneider, Dickhaner, Tesreau & Stoll, P. C., Hillsboro, for appellant.

John W. Hammon, Stanley D. Schnaare, Hillsboro, for respondent.

Allan F. Stewart, Clayton, for amicus curiae.

GUNN, Judge.

In a juvenile neglect action filed in Jefferson County Circuit Court pursuant to § 211.031, RSMo 1978, the attorney for the natural mother of the minor children moved for an order of the trial court to tax his fees and expenses as costs against the county or state. The trial court denied the motion.

Appeal was taken to the Eastern District of the Missouri Court of Appeals, which affirmed the denial for the reason that no statutory authority exists obligating a sovereign to pay attorney fees in a juvenile neglect action. The case comes to this Court on its granting of an application to transfer. The judgment is affirmed.

The facts that follow are from the opinion of the Eastern District written by Judge Crist, as it is succinct and capsulizes the issue to be treated:

Mark T. Stoll, an attorney, was appointed by the trial court to represent the natural mother of four minors in four juvenile neglect actions. Rule 116.01. The natural mother filed a motion for attorney fees. There was no question as to the amount due Stoll for his labors. The trial court denied the motion on the ground that there was no statutory authority to assess attorney fees against the county or state.

■ On appeal, the natural mother contends that the sovereign was liable for payment of the attorney fees by reason of the inherent authority of the trial court to assess such fees against the state and by reason of the authority of § 211.462, RSMo 1978.

Neither of the natural mother's contentions is persuasive, for the ultimate decision must rest upon whether statutory authority exists for the assessment of attorney fees in a juvenile neglect action. Reliance by the natural mother on § 211.462 only bolsters this conclusion, for that statute, dealing with termination of parental rights, specifically provides authority for the assessment and payment of attorney fees, whereas no fee is authorized under the procedures applicable to these proceedings involving a juvenile neglect action.[1]

The holding of this case that statutory authority is essential to obligate a sovereign for payment of attorney fees is consonant

---

1. Section 211.462, RSMo 1978. *Parents entitled to counsel, notice—county to pay court costs, exception*

1. As soon as practicable after the filing of a petition and prior to the hearing, the parent or guardian of the person of the child shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court. Notice of this provision shall be contained in the summons. In all actions counsel shall be appointed for the child.

2. When the parent is a minor the court shall appoint a guardian ad litem to represent such minor parent.

3. The hearing shall be held as expeditiously as possible.

4. Court costs shall be paid by the county in which the proceeding is instituted, except that the court may require the agency or person having, or receiving, legal or actual custody to pay the costs.

with the prior decisions of this Court in *State v. D.S.,* 606 S.W.2d 653, 655 (Mo. banc 1980), and *State ex rel. Cain v. Mitchell,* 543 S.W.2d 785, 786 (Mo. banc 1976), which speak precisely to this issue. And as the *Mitchell* case expressly notes, contrary to the natural mother's position, the trial court has no inherent power to compel the sovereign to pay attorney fees as costs of the case. *Id.* at 786. This is so despite Rule 116.01(j) relating to the right of counsel of juveniles or their custodians in a juvenile court proceeding. The rulings of *State v. D.S.* and *Mitchell* thus cut squarely against the natural mother's case.[2]

The natural mother argues a conflict between the requirement for statutory authority to impose responsibility for attorney fees and this court's order in the prohibition/mandamus proceeding of *State ex rel. Dickhaner v. Emerson,* Sup.Ct. # 63001 (May 1981). In the *Dickhaner* matter, counsel sought to withdraw from representing parents in a child neglect proceeding involving three minor children, as neither the state nor county had made provision for payment of attorney fees. After petition for prohibition, or in the alternative, mandamus, had been denied in the Court of Appeals, the same relief was sought by counsel in the Supreme Court. That petition was also denied by the following order:

> Now at this day, on consideration of the petition for a writ of prohibition/or in the alternative mandamus herein to the said respondent, it is ordered by the court here that the said petition be, and the same is hereby denied *without prejudice to assessment of reasonable fee by the court as costs pursuant to § 211.462.1 and .4 RSMo 1978.* (Emphasis added).

■ The natural mother sees in the emphasized phrase of the *Dickhaner* order a ray of hope that § 211.462.1 and .4 do allow the assessment of attorney fees as court costs in child neglect cases. At least, the natural mother notes a dissonance between the language in the *Dickhaner* order and the requirement that there be statutory authority for the assessment and payment of attorney fees by a sovereign. Notwithstanding the May 1981 order in the *Dickhaner* matter, we hold fast to the established law that statutory authority is essential to the assessment of attorney fees to the sovereign. No such authority exists for the natural mother and her attorney in this § 211.031 case.

It is one thing to recognize that the natural mother's attorney is entitled to a fee for his services, but it is an entirely different matter whether the trial court may direct or enforce payment of any such fee by a sovereign. Without express and specific authority, it may not, and that is where the rub comes in.[3]

Judgment affirmed.

DONNELLY, C.J., RENDLEN, SEILER, WELLIVER and HIGGINS, JJ., and HENLEY, Senior Judge, concur.

BILLINGS, J., not participating because not a member of the Court when cause was submitted.

---

2. To the same effect is *In the Interest of R.S.P.,* 619 S.W.2d 863, 866 (Mo.App.1981), holding that guardian ad litem fees incurred in a § 211.482, RSMo 1978 proceeding were not an obligation of the sovereign as no statutory provision for such payment existed. *But see L.R.R. v. Christian Family Services, Inc.,* 620 S.W.2d 14, 15 (Mo.App.1981), assessing attorney fees as costs in a § 211.462.4, RSMo 1978 proceeding pursuant to specific statutory authority to do so. However, the *L.R.R.* case does not involve a § 211.031 child neglect proceeding, which is the epicenter of this case.

3. This Court recognizes the excellent service that is provided to the public by the members of the Missouri Bar—often without proper compensation or expression of deserved gratitude. We recognize, too, that this opinion does nothing to ameliorate an unsatisfactory situation. But it is a condition which must necessarily be left to the legislature for rectification as has been done in certain circumstances, such as those under § 211.462.4, RSMo 1978.