In the Interest of A.M.G., et al., Respondents,

v.

MISSOURI DIVISION OF FAMILY SERVICES, Appellant.

In the Interest of J.E.B., et al., Respondents,

v.

MISSOURI DIVISION OF FAMILY SERVICES, Appellant.

In the Interest of L.L.P., et al., Respondents,

v.

MISSOURI DIVISION OF FAMILY SERVICES, Appellant.

In the Interest of A.J.R., et al., Respondents,

v.

MISSOURI DIVISION OF FAMILY SERVICES, Appellant.

In the Interest of BABY BOY N, et al., Respondents,

v.

MISSOURI DIVISION OF FAMILY SERVICES, Appellant.

Nos. 46285, 46508, 46505, 46509 and 46510.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 11, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 15, 1983.

Application to Transfer Denied Dec. 20, 1983.

Melody A. Emmert Bryan, Dept. of Social Services, General Counsel Division, Jefferson City, for appellant.

Bonnie J. Miller, Clayton, for respondents.

Allan F. Stewart, Clayton, for the Missouri Bar amicus curiae.

JAMES K. PREWITT, Special Judge.

The five cases consolidated here are termination of parental rights proceedings. See §§ 211.442–211.492, RSMo 1978. In each case parental rights were terminated and custody granted to the division of family services. The question presented is whether the trial courts pursuant to § 211.462.4, RSMo 1978, properly assessed as "costs", to be paid by the division of family services, attorneys' fees for the attorneys appointed to represent the child and in three of the cases a parent. Appellant division of family services contends it was improper "because there is no statutory authority for making such an award against the state in that Section 211.462, RSMo provides for attorneys fees to be awarded against the agency or person having or receiving custody of the child, and such language is not specific enough to allow such awards against the State."

Our supreme court has said that § 211.462 provides statutory authority for the assessment and payment of attorney fees. In the *Interest of K.P.B.,* 642 S.W.2d 643, 644 (Mo. banc 1982). This district has previously determined that attorney fees for an indigent father and the guardian ad litem of a minor mother may be assessed as "costs" against the "agency" receiving custody of the child upon termination of the parents' parental rights. *L.R.R. v. Christian Family Services, Inc.,* 620 S.W.2d 14 (Mo.App.1981). See also *In the Interest of R.S.P.,* 619 S.W.2d 863, 866 (Mo.App.1981). The division contends that *L.R.R.* does not control the award for fees for counsel for the minor children as that was not appealed there. However, we think the rationale is the same. Section 211.462.1 requires the court to appoint counsel for the child and provides that if a parent or guardian is financially unable to employ counsel, counsel shall be appointed for them. The reasoning of *L.R.R.* is applicable here. Compensation to an attorney, who performs services that the statute necessitates, is a predictable "cost" contemplated by the legislature. *L.R.R. v. Christian Family Services, Inc.,* supra, 620 S.W.2d at 16. We see no basis to distinguish fees for counsel for the child from that of the parents and believe that the trial court may order that both be paid by "the agency or person having, or receiving, legal or actual custody". § 211.462.4.

The more difficult question is whether these "costs" may be assessed against the division of family services. It is an agency or subdivision of the State. *State ex rel. Missouri Division of Family Services v. Moore,* 657 S.W.2d 32 (Mo.App.1983); Chapter 207, RSMo 1978. "[S]tatutory authority is essential to obligate a sovereign for payment of attorney fees". *In the Interest of K.P.B.,* supra, 642 S.W.2d at 644. The question narrows to a determination if "agency" as used in § 211.462.4 includes a public "agency", such as the division of family services, or is limited as to a private "agency" such as a "child placing agency". The latter "agency" is defined in § 210.201(3), RSMo 1978 (repealed), and § 210.481(2), RSMo Supp.1982.

Although authorities state that neither fees nor costs can be taxed against the state or a state agency absent express

and specific statutory authority therefor, *In re Interest of C.D.S.*, 652 S.W.2d 233 (Mo. App.1983), that rule must yield to the primary principle that we are to seek the intention of the legislature. In statutory construction a court's primary responsibility is to ascertain the intent of the general assembly from the language used, and to give effect to that intent. *Goldberg v. Administrative Hearing Commission*, 609 S.W.2d 140, 144 (Mo. banc 1980); *City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441, 445 (Mo. banc 1980).

■ Section 211.462.4 was enacted as the fifth of eleven sections pertaining to termination of parental rights. 1978 Mo.Laws 551. "Agency", as used in other sections of the act, would appear to include the division of family services. We believe the legislature would have intended it to have the same meaning throughout the act. In construing a statute it is reasonable to presume that a word has the same meaning in every place used. 73 Am.Jur.2d, Statutes, § 232, p. 415. Section 211.452(3) provides that a petition to terminate parental rights state "the organization or agency holding legal or actual custody or providing care for the child". Section 211.457.1 requires the "agency or organization having custody or control of the child to appear with the child at the place and time stated in the summons" and that a summons and copy of the petition be served upon "the person, agency or organization having custody of the child." The division would be more likely referred to as an "agency" than an "organization", and it is so referred to later in the act. If the division had legal or actual custody of the child, it was obviously intended that it be named in the petition, served with process, and appear with the child.

Section 211.467 refers to "family services agency personnel". Referring to the division as an "agency" adds to our feeling that where agency was used in the enactment of the eleven sections, it was intended to include the division of family services. Section 211.472 provides that an investigation and social study shall be made "by the juvenile officer, the state division of family services or other public or private agency". This is an indication that the legislature was considering the division as a public agency. Section 211.477.2 provides that if the court terminates parental rights it may transfer legal custody of the child "to a suitable person, the state division of family services or a licensed or an approved child welfare agency."

■ Sections 211.472 and 211.477.2 would provide the basis for an argument that had the division of family services been intended to be included in § 211.462.4 it should have been referred to specifically as was done in those sections. However, we think that throughout the act where the word agency is used without modification it was intended to include the division. When "agency" was not intended to include it, as in §§ 211.472 and 211.477.2, "agency" is not used generally, and the type of agency referred to is described.

The division contends that the legislature may have intended to have these costs taxed against a private agency knowing that in certain instances it could pass these costs on to adopting parents, and as the division has no statutory authority to recover the costs, the legislature did not intend to include it. Although passing on the costs may have been one of the considerations of the legislature, our reading of the relevant sections convinces us that where "agency" alone is used, it was intended to include the division. Whether the division can, in some instances, pass on these costs we do not decide.

The judgments are affirmed.

SNYDER, P.J., and BRENDAN J. RYAN, Special Judge, concur.