**In the Interest of C.M., Juvenile.**

**No. WD 38850.**

Missouri Court of Appeals,
Western District.

July 14, 1987.

Dale N. Godfrey, Independence, for appellant.

Richard I. Buchli, guardian ad litem—appointed counsel, Kansas City.

Before BERREY, P.J., TURNAGE and KENNEDY, JJ.

PER CURIAM.

The Division of Youth Services appeals an order taxing attorney fees against it.

Reversed.

Richard I. Buchli, II, an attorney, was appointed to represent a juvenile who was charged with a felony while in the custody of the Division of Youth Services. Mr. Buchli represented the juvenile throughout an action for certification for trial as an adult pursuant to § 211.071, RSMo 1986. At the conclusion of the proceedings, Mr. Buchli filed a motion for attorney fees relying on Rule 116.01(j). Attached to the motion, was an exhibit itemizing the time expended and the services rendered. The Division of Youth Services did not appear at the hearing held on the motion. On October 2, 1986, the trial court issued an order awarding Mr. Buchli $599.50 for attorney's fees and assessing those fees as costs against the Division of Youth Services as custodian of the juvenile.

Express, specific statutory authority is essential to support an attorney fee to be paid by the state or its entities. *In re Interest of K.P.B.* 642 S.W.2d 643, 644 (Mo. banc 1982); *Bay Finance Company v. Missouri Commission on Human Rights*, 701 S.W.2d 562, 565 (Mo.App.1985). In *K.P.B.*, 642 S.W.2d at 644, the Missouri Supreme Court upheld the denial of assessment of attorney fees against the state in a juvenile neglect action under § 211.031, RSMo 1978, because that statute provided no specific authority. The Court rejected Rule 116.01(j) as authority for the assessment of attorney fees against the sovereign. *Id.* at 645.

The present case involved a juvenile certification proceeding under § 211.071 which lacks any provision for taxing costs to the state. Because the Division of Youth Services is a state agency, §§ 219.011—219.086, RSMo 1986, the trial court improperly assessed attorney fees against it.

The order of the trial court is reversed.