**In the Interest of M.V., A Minor.**

**JACKSON COUNTY, Missouri, Appellant,**

v.

**N.V., Natural Mother, and C.V., Natural Father, Respondents.**

No. WD 41113.

Missouri Court of Appeals, Western District.

June 27, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied Sept. 12, 1989.

Russell Jacobson, Legal Counsel, Kansas City, for Jackson County.

Donald G. Stubbs, Kansas City, for respondent C.V.

Eric C. Peden, Kansas City for respondent N.V.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

 This is a termination of parental rights case in which the trial court allowed fees to attorneys appointed to represent the indigent parents of the child and taxed the fees as costs payable by Jackson County. The appeal by the county raises the question of whether § 211.462, RSMo 1986, authorizes the court to impose the expense of attorney fees on the county.

Prior decisions of this court and of the Eastern District, reviewed in this opinion, have held in similar if not identical circumstances that the authority to include such fees as court costs was in contemplation by the General Assembly when § 211.462 was enacted and therefore the statutory authority is to be inferred. Although the principle of an inferred or implied power to tax attorney fees as costs is of dubious validity, we are constrained to follow the prior case law and affirm the judgment.

The issues in the case regarding termination of the rights of the parents are not a subject of the appeal. It suffices to say that the child came under the jurisdiction of the juvenile court in 1984 upon allegations of neglect. Efforts to remedy the conditions affecting the child were unsuccessful and the petition for termination was filed. The court appointed Eric C. Peden to serve as attorney for the natural mother and Donald G. Stubbs as attorney for the natural father.[1] The trial court ultimately ruled in the case that the child's best interests would be served by designating its aunt and uncle as guardians and permanent custodians, but the parental rights of the natural parents were not otherwise

---

1. The legal file is incomplete. It contains less than the full record of the case and discloses no request by the parents for appointment of counsel or a showing of their indigency. Because there is no contention otherwise, we assume those conditions for appointment of counsel were met.

abridged. That disposition has not been appealed.

After the court had entered its order deciding the issues presented by the petition for termination, the appointed attorneys filed applications for allowances of fees. Notice was given to Jackson County of its prospective involvement and it participated thereafter. On August 24, 1988, the court entered an order allowing Peden a fee of $4,462.50 and allowing Stubbs a fee of $1,556.25, both taxed as costs in the case payable by Jackson County. The county has appealed contending that the court exceeded its jurisdiction in respect to the inclusion of attorney fees as court costs. The amounts of the fees, as such, are not in dispute.

The county contends that no statutory authority entitles the court to include attorney fees as court costs payable by the county in a termination of parental rights case. If such a right does exist, it appears to be agreed that it must be drawn from § 211.462, RSMo 1986, the relevant paragraphs of which are as follows:

2. The parent or guardian of the person of the child shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court. Notice of this provision shall be contained in the summons. When the parent is a minor or incompetent the court shall appoint a guardian ad litem to represent such parent.

4. Court costs shall be paid by the county in which the proceeding is instituted, except that the court may require the agency or person having or receiving legal or actual custody to pay the costs.

The original enactment of § 211.462, in substantially the same form as it presently exists, was in 1978. Paragraph 4, quoted above, was identical in that version. The authority to tax attorney fees as court costs almost immediately was called into question. The result was the opinion in *L.R.R. v. Christian Family Services, Inc.,* 620 S.W.2d 14 (Mo.App.1981), upon which the subsequent case law has built.

In *L.R.R.,* the parental rights of the natural parents were terminated and custody of the child was placed with Christian Family Services for the purpose of adoption. Guardians had been appointed for the child and for the natural mother and an attorney had been appointed to represent the father. Allowances of fees for those persons were ordered by the court and were taxed as costs which Christian Family Services was ordered to pay as the "agency" receiving custody. Christian Family Services appealed contending that the statute made no provision for inclusion of fees as court costs.

The Eastern District, over a dissenting opinion by Judge Snyder, affirmed the inclusion of fees in the costs taxed against Christian Family Services, reasoning that when the legislature required the appointment of attorneys to represent indigent parents whose parental rights were in prospect of termination, the fees for such services were predictable costs in contemplation when the statute was designed. Although the opinion did not expressly say so, the result depends on attribution of an inferred or implied intent in the statute to fund the expense of attorney fees by adding them as court costs.

The next case to consider the question was *A.M.G. v. Missouri Div. of Family Serv.,* 660 S.W.2d 370 (Mo.App.1983). There, five termination of parental rights cases were consolidated for the purpose of determining whether the rule in *L.R.R.,* which addressed the question of costs assessed against a private placement facility, also would be made applicable to the Division of Family Services as a subdivision of the state. Division of Family Services argued that attorney fees could not be taxed against the state or a state agency absent express and specific statutory authority therefor. Cited was *State ex rel. Cain v. Mitchell,* 543 S.W.2d 785, 786 (Mo. banc 1976).

The court held that Division of Family Services was equally responsible to pay attorney fees under § 211.462 (then RSMo 1978), citing *L.R.R.,* because it fell within the term "agency." The court reasoned

that throughout the sections of the statute pertaining to termination of parental rights, the word agency was used to include the Division of Family Services when dealing with subjects other than fees and costs. The conclusion followed that the same meaning should be applied in construing § 211.462.4, RSMo 1978.

The opinion in *A.M.G.* also relied on *In Interest of K.P.B.*, 642 S.W.2d 643 (Mo. banc 1982), for the proposition that "§ 211.462 provides statutory authority for the assessment and payment of attorney fees." *A.M.G.*, 660 S.W.2d at 371. The opinion in *K.P.B.* does state "that statute [Sec. 211.462], * * * dealing with termination of parental rights, specifically provides authority for the assessment and payment of attorney fees * * *." *K.P.B.*, 642 S.W.2d at 644. Whatever may be the authoritative value of *K.P.B.*, a case which did not involve termination of parental rights, but rather a juvenile neglect action, it is obvious that § 211.462 does not "specifically provide authority for the assessment and payment of attorney fees" because the statute includes no mention of fees at all. If authority is to be drawn from the statute, it may only be by inference or implication.

The next two cases on the subject were decided by this court. In *Interest of D.L.D.*, 701 S.W.2d 152 (Mo.App.1985), one of the issues was the allowance of fees to the guardian ad litem appointed to represent the child in the termination of parental rights proceeding. Such appointment is required under § 211.462.1, RSMo 1986. Relying on § 211.462.4 (then RSMo Supp. 1984), *L.R.R.* and *A.M.G.*, the court held the guardian ad litem's fee taxable as court costs and payable by the Division of Family Services which had custody of the child. *D.L.D.*, 701 S.W.2d at 162. Presumably, the custody placement was taken as the ground for relieving the county of the obligation to pay the costs.

The final case in the sequence is *Interest of K.S., D.S. and J.W.*, 722 S.W.2d 364 (Mo.App.1987). The issue was payment of fees allowed to attorneys who were appointed under § 211.462.2, RSMo 1986, to represent the indigent parents of the children in a termination proceeding. The appellant was the Division of Family Services which argued that it should not be obligated to pay the costs in the case, including the attorney fees, because it never had actual custody of the children. The court agreed and, citing *L.R.R.* and *A.M.G.*, held that judgment for the costs should be entered against Jackson County, the county in which the proceeding was instituted. The opinion does not indicate any appearance in the appeal for Jackson County or that the county was a party to the case.[2]

In support of its position, the appellant county here relies primarily on *State ex rel. Cain v. Mitchell, supra*, and the fact that § 211.462, RSMo 1986, makes no reference to an award of attorney fees or the assessment of fees as costs.

In *Cain*, attorneys who had been appointed in various cases to represent indigent juveniles and had been allowed fees for their services, sought to compel payment of the accounts from the county. The contention was that the fees constituted costs payable by the county under § 211.281, RSMo 1969. Although the statute made no mention of fees, appointment of counsel for the juveniles was required and, from this, the claimants contended there was an implied power to tax the fees as costs in order to carry into effect the stated purpose of the statute. The court rejected the argument holding (1) That attorney fees are recoverable in litigation only where expressly authorized by statute or agreed to by the parties, and (2) Subject only to certain exceptions not applicable, the term "costs" as used in a statute does not include attorney fees. *Cain*, 543 S.W.2d at 786.

2. The statute gives the trial court no guidance in deciding whether costs should be taxed against the county, the Division of Family Services, a private agency or a person, when custody of the child is placed in any of the latter. Excluding those cases such as *Interest of K.S., supra*, where costs can only be assessed against the county because no agency or person has been granted custody, it would appear that the trial court's decision as to where the burden of costs falls is final and not subject to review.

The present case differs from *Cain* only in the use of the term "court costs" in § 211.462, RSMo 1986, whereas the statute in *Cain* used the term "costs." Otherwise, the rationale of *L.R.R.*, which implied the authority to assess attorney fees as costs from the requirement that counsel be appointed, is precisely the contention which *Cain* rejected. The subsequent cases of *A.M.G.*, *D.L.D.* and *K.S.* all follow the same path of implied or inferred statutory authority.

If the opinion in this case were to be written on a clean slate, free of the precedents we have examined, we would agree with appellant that the claim to attorney fees must fail for want of statutory authority to impose that cost on counties. It is, however, our obligation to follow the precedent of opinions issued by this court, unless superceded by the superior obligation to follow decisions of the Missouri Supreme Court. Certainly the opinions in *D.L.D.* and *K.S.* support respondents, and any controlling effect of *Cain* is diminished if not nullified by *K.P.B.* The result we reach is dictated by those authorities.

It is also appropriate to note that the General Assembly amended § 211.462 in 1985, but made no change in paragraph 4 providing for payment of court costs by the counties. At that time, the decisions in *L.R.R.* and *A.M.G.* had been published. It is presumed that the General Assembly is aware of existing declarations of law by the courts when it enacts statutes pertaining to the same subject matter. *Estate of Huskey v. Monroe*, 674 S.W.2d 205, 210 (Mo.App.1984). If the legislature was not in agreement with the conclusions reached in *L.R.R.* and *A.M.G.*, it had the opportunity to adopt new language expressing the true legislative purpose of the statute. The fact that it did not do so is indicative of agreement with the construction of the statute adopted in *L.R.R.* and *A.M.G.*

Finally, Eric C. Peden as attorney for the natural mother and Donald G. Stubbs as attorney for the natural father have made application for allowance of their fees for services rendered on the appeal. The court awards a fee of $1,000.00 to each of said attorneys payable as additional costs taxed to appellant. *See Interest of K.S.*, 722 S.W.2d at 365.

The judgment is affirmed and the cause is remanded with directions that the sums of $1,000.00 each to Eric C. Peden and Donald G. Stubbs as attorney fees be added as costs.

All concur.