In the Interest of D.L.S., a minor
female child, Respondent.

No. 70082.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 19, 1996.

Roya R. Hough, Jefferson City, for appellant.

Chris N. Weiss, Jeffrey P. Dix, Guardian Ad Litem, Jackson, Shelly Thomas–Benke, Jefferson City, for respondent.

DOWD, Judge.

The Juvenile Officer of Cape Girardeau County ("Officer") brought the underlying action to terminate the parental rights of D.L.S.'s Mother and Father. The trial court terminated all parental rights and awarded custody of D.L.S. to the Missouri Division of Family Services ("DFS"). That decision is not in dispute. DFS challenges only the portion of the trial court's order taxing the fees for Officer's counsel against it pursuant to § 211.462, RSMo 1994.[1] Therefore, we must decide whether under this statute a trial court may tax the attorney fees incurred by a juvenile officer against the agency receiving custody of a child in a termination proceeding. We find that such an award exceeds the ambit of § 211.462 and modify the judgment of the trial court to delete the award of attorney fees.

■ As a preliminary matter, Officer challenges DFS's ability to appeal the trial court's order as he contends DFS was not a party to the termination proceeding. Proceedings to terminate parental rights are governed by §§ 211.442–.490. Supreme Court Rules 110 through 128 govern practice and procedure in juvenile courts under Chapter 211. Rule 110.01. Under Rule 110.05(a)(17), a "party" includes the juvenile subject to the court proceeding, the custodian of the juvenile, the juvenile officer, and any other person denominated as such by statute. The definition of custodian includes a "person having legal or actual custody of a juvenile." Rule 110.05(a)(5). Under these rules, "person" includes agencies of government. Rule 110.05(a)(18). As it is undisputed that DFS had custody of D.L.S., we conclude that DFS was the child's custodian and therefore a party to the underlying suit with the right to appeal the award of attorney fees entered against it.

1. All statutory references are to RSMo 1994.

Section 211.462 requires a court presiding over a termination proceeding to appoint counsel for the parents if they are unable to afford one themselves and to appoint a guardian ad litem for the child. It also outlines the duties of the guardian once appointed. § 211.462.3. Subsection 211.462.4, which is at issue here, gives the court the option of taxing court costs against the agency receiving custody of the child:

4. Court costs shall be paid by the county in which the proceeding is instituted, except that the court may require the agency or person having or receiving legal custody to pay the costs.

■ Officer contends that under this subsection, his attorney fees were "costs" and therefore properly taxed against DFS as the agency receiving custody. Attorney fees for representation of indigent parents and minor children have been held to be "costs" under § 211.462.4. *See L.R.R. v. Christian Family Services, Inc.*, 620 S.W.2d 14 (Mo.App. E.D. 1981); *A.M.G. v. Mo. Div. of Family Services*, 660 S.W.2d 370 (Mo.App. E.D.1983); *In Interest of D.L.D.*, 701 S.W.2d 152 (Mo. App. W.D.1985); *In Interest of K.P.B.*, 642 S.W.2d 643 (Mo. banc 1982); *In the Interest of B.L.G.*, 731 S.W.2d 492, 500 (Mo.App. S.D. 1987).

Fees for representation of a juvenile officer have not yet been considered. Officer asks that we expand the definition of "costs" to include not only fees for an attorney or guardian appointed to represent an indigent parent or child, but for representation of the juvenile officer as well. Such an expansion is not warranted by the plain language of the statute or the existing case law.

In *L.R.R.*, in which attorney fees were first held to be taxable against DFS, this court noted that the statute expressly provided for the appointment of attorneys for the child and indigent parents. The court reasoned that compensation for attorneys performing services necessitated by the statute were a predictable cost, contemplated by the legislature. *L.R.R.*, 620 S.W.2d at 16. Section 211.462 does not require the appointment of counsel for a juvenile officer. Furthermore,

a juvenile officer possesses sufficient resources to ensure adequate representation. § 211.393. The trial court therefore need not appoint counsel for a juvenile officer to ensure the basic fairness of the proceeding as is often the case with an unrepresented parent. We therefore conclude that this cost was not reasonably predictable and was not contemplated or intended to be covered by the legislature. We modify the order of the trial court to delete the taxation of attorney fees as costs.

The judgment of the trial court is affirmed as modified.

AHRENS, C.J., and RHODES RUSSELL, J., concur.