110 S.W.3d 863 (2003)
In the Interest of D.W.P.
No. ED 81641.
Missouri Court of Appeals, Eastern District, Northern Division.
July 22, 2003.
*864 Branson L. Wood III, Hannibal, MO, for appellant.
Thomas P. Redington, Hannibal, MO, for respondent.
Before LAWRENCE E. MOONEY, P.J., GEORGE W. DRAPER III, J., and BOOKER T. SHAW, J.
BOOKER T. SHAW, Judge.
D.W.P. appeals from the Juvenile Division of the Circuit Court of Marion County's judgment taking jurisdiction of D.W.P. D.W.P. argues the trial court erred in taking jurisdiction over him because: (1) the factual allegations in the juvenile officer of Marion County's (the "juvenile officer") petition did not allege with particularity that D.W.P. was in need of care or treatment because of being out of control and are insufficient as a matter of law; and (2) the trial court erroneously declared and applied the law by concluding that D.W.P.'s teachers were his custodians and that there was no substantial evidence to *865 support findings that he was in need of care or treatment. The trial court found that D.W.P. was within its jurisdiction because the teachers and instructors of the Hannibal School System were his custodians at the time of the incidents in question and pursuant to Section 211.031(2)(b), RSMo 2000[1] D.W.P. disobeyed the reasonable and lawful directions of his custodians and is beyond their control. We agree.
D.W.P. was a student at the Hannibal Alternative School, a public school within the Hannibal Public School District. D.W.P. was accused of behaving disobediently at school, including engaging in such behavior as cursing at teachers, pushing books and papers onto the floor, refusing to do school work as instructed and threatening violence against school officials. On March 8, 2002, the juvenile officer filed a two-count petition in the Juvenile Division of the Circuit Court of Marion County alleging that D.W.P. was subject to the jurisdiction of the court. On April 16, 2002, the trial court held an evidentiary hearing on the allegations in this petition. As a result of that hearing, Count I of the petition was dismissed and the rest of the case was taken under advisement. The remaining Count II of the juvenile officer's petition alleged that D.W.P. was subject to the jurisdiction of the court under Section 211.031.1(2)(b). Subsequently on April 25, 2002, the trial court entered its Judgment and Order Finding Jurisdiction over D.W.P. pursuant to Section 211.031.1(2)(b). D.W.P. appeals from this judgment.
Our standard of review in juvenile proceedings is the same as in a court-tried case. In re, G.C., 50 S.W.3d 408, 410 (Mo.App. E.D.2001). The trial court's order is sustained unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. In the Interest of T.B., 936 S.W.2d 913, 914 (Mo.App. W.D.1997) (citing In the Interest of R.G., 885 S.W.2d 757, 763 (Mo.App. E.D.1994)). On review, the court defers to the trial court on issues of fact and the credibility of witnesses. Id. "The standard of review of the assertion of jurisdiction by the juvenile court upon finding that a child is in need of care because of parental neglect is one of deference to the juvenile court, whose judgment will be sustained unless there is no substantial evidence to support it." In re G.C., 50 S.W.3d at 410.
In his first point on appeal, D.W.P. argues the trial court erred in taking jurisdiction over him because the juvenile officer's petition did not allege with particularity that he was in need of care or treatment because of being out of control.
"Where the petition does allege a cause of action but is only deficient in matters of particularity and detail, the deficiencies are waived by failure to object by motion." Sirna v. APC Bldg. Corp., 730 S.W.2d 561, 566 (Mo.App. W.D.1987) (citing R v. M, 383 S.W.2d 894, 899 (Mo.App. 1964)). "[F]ailure to move for a more definite statement results in a waiver of any complaint regarding the lack of specificity in the petition." Smith v. Smith, 751 S.W.2d 125, 127 (Mo.App. S.D.1988) (citing Sirna, 730 S.W.2d at 566). Here, D.W.P. failed to raise this issue before the trial court in a motion for more definite statement and therefore, he has waived any complaint regarding the lack of specificity in the petition filed by the juvenile officer. See id.
D.W.P. further argues in his first point that the factual allegations in the juvenile officer's petition concerning the three incidents at school are insufficient as a matter of law to establish that the alleged need for care or treatment was because *866 the child disobeyed the lawful directives of parents or other custodians and was out of control.
Section 211.031.1(2)(b) reads as follows:
[T]he juvenile court ... shall have exclusive original jurisdiction in proceedings [i]nvolving any child who may be a resident of or found within the county and who is alleged to be in need of care and treatment because [t]he child disobeys the reasonable and lawful directions of his or her parents or other custodian and is beyond their control.
"Rules 110 through 128 shall govern practice and procedure in the juvenile and family courts under ... [C]hapter 211, RSMo." Rule 110.01. The form for a petition in juvenile court is illustrated in Rule 128.14. The Note on Use to this Rule states that "[t]he petition should set out in detail and with particularity the facts constituting the basis for jurisdiction under section 211.031, RSMo." Rule 128.14, Note on Use (emphasis added). Additionally, the style and content of a petition filed in juvenile court is discussed in Rule 114.01. This Rule further provides that petitions filed in juvenile court "shall set forth plainly and concisely, with reasonable particularity the facts that bring the juvenile within the jurisdiction of the court, including the date, place and manner of the acts alleged and the law or standard of conduct, if any, allegedly violated by the acts." Rule 114.01b(3) (emphasis added).
Specifically, D.W.P. argues that "[b]efore the state interferes in a parent/child relationship, the parents and child are entitled to detail[ed] allegations of the care or treatment which the child is not receiving and which allegedly provide a basis for court intervention." However, Rules 128.14 and 114.01, which govern the form, style and content of a petition filed in juvenile court under Section 211.031, do not require the petitioner to set out with particularity the care or treatment that a child is not receiving. Rather these Rules simply require that for the juvenile court to exercise jurisdiction over a juvenile the petition must "set out in detail and with particularity the facts constituting the basis for jurisdiction under [S]ection 211.031," "including the date, place and manner of the acts alleged and the law or standard of conduct, if any, allegedly violated by the acts." See Rule 114.01 (emphasis added); Rule 128.14, Note on Use (emphasis added).
Here, the juvenile officer properly set out in his petition the facts constituting the basis for jurisdiction in detail and with particularity, "including the date, place and manner of the acts alleged and the law or standard of conduct allegedly violated by the acts." See Rule 114.01; Rule 128.14, Note on Use. Count II of the juvenile officer's petition states as follows:
The Juvenile Officer of Marion County, Missouri, alleges that pursuant to section 211.031.1(2)(b) RSMo., alleges that said juvenile, disobeys the reasonable and lawful directions of his parent or other custodians and is beyond their control. It is alleged that for an extended period, said juvenile has disobeyed various school personnel, to wit:
On 1-22-02, "Mr. Kelly heard [D.W.P.] say `fuck you' to a female classmate ... Mr. Kelly told [D.W.P.] he was not going to intimidate or harass anyone ... please leave the classroom. [D.W.P.] pushed papers off desk, slammed fist into wall, and threatened to punch Mr. Kelly in the mouth."
On 2-6-02, "[D.W.P.] did some work during the morning ... complained about not being in main classroom. After lunch pushed books onto the floor... said he wasn't going to do anything. Taking pieces off the computers ... very angry ... told to move to other outside room to keep him away from *867 computers. [D.W.P.] yelled at staff saying this was ignorant ... get out of my face moving across the hallway ... he pushes and kicks furniture, stands in the doorway, and wanders in to the classroom without permission. He is disrespectful and non-complaint [sic]."
On 2-26-02, "At 12:35 p.m. [D.W.P.] and the class were given their journals and a topic. [D.W.P.] put his head down and said he wouldn't write. Mrs. Wealer told him to take 50 points for being disrespectful. He stood up and told Mrs. Wealer she had better stay away from him. As he moved to the back of te [sic] room Mrs. Wealer followed where he again told her she had better leave him alone. At one point he put his finger in her face and told me [sic] to leave him alone. [D.W.P.] did a lot of pushing and shoving of desks and stuff in the classroom. At this point, Dr. Hansmeier got involved and asked [D.W.P.] if he was threatening someone. [D.W.P.] yelled at Dr. Hansmeier to stay out of this. [D.W.P.] continued to yelled [sic] and we finally told him to move out at which point he moved up front and got his coat and said `I'm going to hit the mother-fucker (heard by the entire class) in the eye.'"
(emphasis added). Point I is denied.
In his second point on appeal, D.W.P. argues the trial court erred in taking jurisdiction over him because the court erroneously declared and applied the law by concluding that his teachers were his custodians.
Section 211.031.1(2)(b) provides that the juvenile court "shall" have jurisdiction when the child disobeys the reasonable and lawful directions of his or her parents "or other custodian" and is beyond their control. (emphasis added). In In the Interest of D.L.S., 934 S.W.2d 30 (Mo.App. E.D.1996), the trial court determined that the Division of Family Services ("DFS") was a "party" to the proceedings which terminated all parental rights and awarded custody of D.L.S. to DFS. In making this determination, the court interpreted Rule 110.05(a), reasoning that under that Rule, the word "party" includes "the custodian of the juvenile." Id. at 31 (emphasis added). The court then went on to find that, "[t]he definition of custodian includes a `person having legal or actual custody of a juvenile,'" and "under these rules [the word] `person' includes agencies of government." Id. (quoting Rules 110.05(a)(5), (19) & (20)) (emphasis added). The trial court ultimately concluded that since DFS was an agency of government and had actual custody of D.L.S. at the time of the termination proceedings, that under the rules governing juvenile proceedings, DFS was the juvenile's custodian. Id.
Likewise, here, under Rule 110.05(a)(5) the definition of the word "custodian" includes "any person having legal or actual custody of the juvenile," and under the rules governing juvenile proceedings the word "person" includes "agencies of government." Juv. Ct. Rule 110.05(a)(5) & (20) (emphasis added); see In the Interest of D.L.S., 934 S.W.2d at 30. Therefore, because the Hannibal Public School District is an "agency of government," and it is undisputed that the Hannibal Public School District had actual custody of D.W.P. at the Hannibal Alternative School at the time of the incidents set out in the petition, we agree with the trial court's conclusion that the Hannibal Public School District was D.W.P.'s custodian.
D.W.P. further argues in his second point on appeal that the trial court *868 erred in taking jurisdiction over him because there was no substantial evidence to support findings that the child was in need of care or treatment.
Neither Section 211.031, nor the Juvenile Court Rules, require the trial court to make a finding of the specific care or treatment a juvenile is in need of when taking jurisdiction over a juvenile under Section 211.031.1(2)(b). Section 211.031.1(2)(b) only provides that the trial court shall have "exclusive original jurisdiction in proceedings [i]nvolving any child... who is alleged to be in need of care and treatment because [t]he child disobeys the reasonable and lawful directions of his or her parents or other custodian and is beyond their control." (emphasis added).
Further, "a pattern of neglect is not necessary for a court to assert jurisdiction." In re G.C., 50 S.W.3d at 411. "The juvenile court does not have to find that a dangerous situation exists, but only that there has been a failure to supply the child with the minimum quality of care that the community will tolerate." Id. When a potentially harmful situation is presented, the juvenile court is authorized to act in order to prevent the deterioration of the child's situation, and is not required to wait until harm is done. Id. The welfare of the child supercedes any preference for parental custody. Id. (citing In Interest of E.J., 741 S.W.2d 892, 894 (Mo.App. E.D. 1987)).
Here, the trial court held an extensive evidentiary hearing where it heard testimony from six witnesses and found that D.W.P. disobeyed the reasonable and lawful directions of the teachers and instructors of the Hannibal School System by engaging in the behavior described in the juvenile officer's petition. We defer to the juvenile court on issues of fact and the credibility of witnesses. The trial court's judgment was supported by substantial evidence. Point II is denied.
AFFIRMED.
LAWRENCE E. MOONEY, P.J., and GEORGE W. DRAPER III, J., concur.
NOTES
[1] All further statutory references are to RSMo 2000, unless otherwise indicated.